IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2105-D

KEVIN EUGENE BRIDGERS,                )
                                      )
          Petitioner,                 )
                                      )
     v.                               )          **ORDER**
                                      )
JUSTIN ANDREWS,                       )
                                      )
          Respondent.                 )

On May 25, 2017, Kevin Eugene Bridgers ("Bridgers" or "petitioner"), proceeding pro se,

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], a supporting

memorandum [D.E. 1-1], and exhibits [D.E. 1-2]. On January 9, 2018, the court conducted its

preliminary review pursuant to 28 U.S.C. § 2243 and directed the clerk to serve respondent with the

petition [D.E. 4]. On March 1, 2018, respondent moved to dismiss the petition pursuant to Federal

Rule of Civil Procedure 12(b)(1) [D.E. 9]. On the same date, the court notified Bridgers about the

motion, the consequences of failing to respond, and the response deadline [D.E. 11]. See Roseboro

v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On March 16, 2018, Bridgers

responded in opposition to the motion [D.E. 12]. As explained below, the court grants respondent's

motion to dismiss.

I.

Pursuant to a written plea agreement, petitioner Kevin Bridgers pled guilty
on September 5, 2013, to one count of conspiracy to distribute and possession with
the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§
841(a)(1) and 846. On February 4, 2014, Bridgers was sentenced to 240 months with
credit for time served followed by seven years of supervised release. Petitioner
entered an untimely notice of appeal. The appeal was dismissed. Petitioner's motion
for certiorari was denied. Bridgers v. United States, 135 S. Ct. 1191 (2015).

Bridgers v. United States, No. 5:13-CR-183-BO-2, 2016 WL 438966, at *1 (E.D.N.C. Feb. 3, 2016)

(unpublished) (some internal citations omitted), appeal dismissed, 653 F. App'x 219 (4th Cir. 2016) (per curiam) (unpublished).

Bridgers's presentence report ("PSR") recommended an initial base offense level of 38 due to two heroin overdose deaths. See PSR, Bridgers, No. 5:13-CR-183-BO-2, [D.E. 63] ¶¶ 22, 131 (E.D.N.C. Dec. 11, 2013); U.S.S.G. § 2D1.1(a)(2). The PSR also recommended increasing the base offense level by two points for possession of a dangerous weapon and decreasing the base offense level by three points for acceptance of responsibility, for a total offense level of 37. See id. ¶¶ 132–140. Bridgers's counsel did not object to the PSR. Id. at 32. Bridgers's plea agreement did not mention the overdose deaths, and the United States did not offer any evidence concerning the overdose deaths in its factual proffer at his plea hearing. See Plea Agmt., Bridgers, No. 5:13-CR-183-BO-2, [D.E. 50] (E.D.N.C. Sept. 5, 2013); Plea Hr'g Tr., Bridgers, No. 5:13-CR-183-BO-2, [D.E. 112] 6–9 (E.D.N.C.). During his sentencing allocution, Bridgers briefly objected to the section 2D1.1(a)(2) enhancement. The district court adopted the total offense level of 37 in the PSR and imposed a 240-month sentence. See Sent. Hr'g Tr., Bridgers, No. 5:13-CR-183-BO-2, [D.E. 111] 12–16 (E.D.N.C.); Stmt. of Reasons, Bridgers, No. 5:13-CR-183-BO-2, [D.E. 78] 1 (E.D.N.C. Feb. 4, 2014). On July 14, 2015, Bridgers moved to vacate his sentence pursuant to 28 U.S.C. § 2255. See Pet. [D.E. 1] 4; Mem. Supp. Pet. [D.E. 1-1] 3; Bridgers, 2016 WL 438966, at *1. On February 3, 2016, the court dismissed the motion as untimely, barred by the waiver in Bridgers's plea agreement, and meritless. See Bridgers, 2016 WL 438966, at *1–3.

Bridgers contends that under Burrage v. United States, 134 S. Ct. 881 (2014), his sentence is illegal. Pet. [D.E. 1] 6; see Mem. Supp. Pet. [D.E. 1-1] 8–18. Bridgers seeks a writ of habeas corpus "to order the respondent to correct the illegal [and] improper sentence or to transfer the case

2

back to the sentencing court for correction and resentencing in light of Burrage." Mem. Supp. Pet [D.E. 1-1] 18 (emphasis omitted).

The Supreme Court decided Burrage eight days before Bridgers's sentencing hearing. See Resp't's Mem. Supp. Mot. Dismiss [D.E. 10] 4; Pet'r's Resp. Opp'n Mot. Dismiss [D.E. 12] 3. In Burrage, the Supreme Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is the but for cause of the death or injury." Burrage, 134 S. Ct. 881, 892 (2014). Bridgers raised this claim in his section 2255 motion, and the court held that the appellate waiver in Bridgers's plea agreement barred the claim. See Bridgers, 2016 WL 438966, at *2; Plea Ag., Bridgers, No. 5:13-CR-183-BO-2, [D.E. 50] ¶ 2.c; cf. Pet. [D.E. 1] 4–5.

Respondent asks the court to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1). See Resp't's Mem. Supp. Mot. Dismiss [D.E. 10] 2. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject matter jurisdiction, which is "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

3

The court may not consider a section 2241 motion challenging the legality of Bridgers's conviction and sentence unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 "is inadequate and ineffective to test the legality" of a sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018); see In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5. If a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Wheeler, 886 F.3d at 423.

Bridgers's petition fails the second prong of the Wheeler test. The Supreme Court decided Burrage before Bridger's sentencing and he raised the claim in his section 2255 motion. Moreover, the conduct for which Bridgers was convicted remains criminal, and Burrage does not apply to Bridgers's sentence, which was enhanced pursuant to section 2D1.1 of the advisory sentencing guidelines. See Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); Love v. Terris, No. 17-1999, 2018 WL 4095550, at *2–3 (6th Cir. Apr. 5, 2018) (unpublished); Camacho v. English, 872 F.3d 811, 814 (7th Cir. 2017), cert. denied, 138 S. Ct. 1028 (2018); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Additionally, because Bridgers was not convicted and sentenced under 21 U.S.C. § 841(b), he cannot

meet Wheeler's fourth prong and show a "sufficiently grave" error in his sentence. Cf. Tucker v. United States, 889 F.3d 881, 884–85 (7th Cir. 2018); United States v. Sica, 676 F. App'x 81, 86–87 (2d Cir. 2017) (unpublished), cert. denied, 138 S. Ct. 181 (2017); Borjas-Hernandez v. United States, No. 3:12-8368, 2014 WL 1572803, at *14 (S.D. W. Va. Apr. 17, 2014) (unpublished).

After reviewing the claim presented in Bridgers's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find that the court's treatment of Bridgers's claim was debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 12], and DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] for lack of jurisdiction. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _22_ day of October 2018.

JAMES C. DEVER III
United States District Judge

5